RICHARD E. ZUCKERMAN
Principal Deputy Assistant Attorney General

CHARLES J. BUTLER
Trial Attorneys, Tax Division
U.S. Department of Justice
P.O. Box 683
Washington, D.C.  20044
Telephone:   202-514-6062
Facsimile:    202-307-0054
Email:          Charles.J.Butler@usdoj.gov

MICHAEL BAILEY
United States Attorney
*Of Counsel*

*Attorneys for United States*

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| **Laetitia Smet and Jean-Philippe Smet,**<br><br>Petitioners,<br><br>v.<br><br>**United States of America,**<br><br>Respondent. | Case No. 2:20-mc-00055-JJT<br><br>**REPLY IN SUPPORT OF MOTION TO EXTEND TIME TO RESPOND TO PETITION TO QUASH SUMMONS**<br>**(First Request)** |

The United States of America hereby replies to the Petitioners' objection (Dkt. 8) to the United States' motion (Dkt. 7) for an order extending by 30 days the time to respond to the Petition to Quash Summons.

The Petitioners make at least three mistaken assertions in their objection.  First, the Petitioners state that the United States "has had 60 days to contemplate its response pursuant to" Fed. R. Civ. P. 12(a).  That statement is incorrect.  While the Petitioners may

have completed service of the Petition by mail almost 60 days ago, that does not mean the United States' counsel received the Petition 60 days ago, much less had that period to contemplate a response.  In fact, the undersigned counsel for the United States did not obtain the Petition until the end of October.  Counsel then immediately requested from the IRS authorization to defend the action as well as information pertaining to the summons at issue, including any administrative, collection, appeals, and bankruptcy files, IRS Integrated Data Retrieval System information, assessments, and communications with the French Ministry of Economy and Finance.  Counsel for the United States only recently obtained most of this information from the IRS and needs some time to review it.  Counsel is awaiting additional information from the relevant IRS official, who may need to provide a declaration regarding the IRS's actions in this matter.  Counsel expects to receive that information by December 11.

Second, the Petitioners state that "[t]he Rules require investigation and due diligence to be completed before a summons is issued" and that "complex considerations should have been analyzed as part of the due diligence in issuing the summons."  The Petitioners confuse the role of the IRS, which issued the summons, with that of the Department of Justice, which represents the United States in this action.  Before it issued the summons, the IRS presumably completed any required "due diligence."  As counsel for the United States, the Department of Justice must make an independent analysis of the issues raised in the Petition, based on the Petition's claims and information the IRS provides.  The Petition and the memorandum in support of it, for instance, make legal assertions that the IRS would not necessarily have considered before issuing the summons.  In any event, any due diligence for responding to the Petition obviously could not have occurred before the subject summons was issued, as the Petitioners imply.  For example, to respond to the Petition, counsel for the United States most likely must obtain a declaration from the relevant IRS official on the IRS's actions in issuing the summons.  Obviously, the United States' counsel could not obtain such a declaration prior to the summons' issuance.

Third, the Petitioners apparently misunderstand the applicable standard under *United States v. Powell*, 379 U.S. 48, 57-58 (1964). They characterize this case as "simple" because they assume that whether the summons can be quashed turns on whether they lived in France during the year in question. Under *Powell*, however, that's not the test for a legitimate summons. The test focuses on whether the information *could* be relevant to the French Tax Authority's investigation, which requires a more nuanced analysis than simply looking at where the Petitioners lived during the year in question. *See*, *e.g.*, *United States v. Stuart*, 489 U.S. 353 (1989); *Lidas, Inc. v. United States*, 238 F.3d 1076 (9th Cir. 2001); *Mazurek v. United States*, 271 F.3d 226 (5th Cir. 2001).

The United States does not seek an extension for the purpose of delay. Rather, it needs the additional time to obtain and review all relevant materials from the IRS so that it can present the Court an appropriate response to the Petition.

Dated: December 3, 2020

RICHARD E. ZUCKERMAN
Principal Deputy Assistant Attorney General

*/s/ Charles J. Butler*
CHARLES J. BUTLER
Trial Attorney, Tax Division
U.S. Department of Justice

Of Counsel:
MICHAEL BAILEY
United States Attorney

*Attorneys for the United States of America*

**CERTIFICATE OF SERVICE**

I hereby certify that on December 3, 2020, I filed the foregoing with the Clerk of the Court using the CM/ECF system, which will provide electronic notice to counsel for the Petitioners.

/s/ Charles J. Butler
CHARLES J. BUTLER
Trial Attorney, Tax Division
U.S. Department of Justice